RECEIPT # _____
AMOUNT $ 150
SUMMONS ISSUED ✓ 2
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 11-9-04

Attorney Docket No. 1162-3

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Joseph Pastore, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| Reiss Industries, Ltd. dba Hydro ) | Civil Action No. _____ |
| Components & Systems, LLC, and ) | |
| Laminations, Inc., ) | 04 12374 REK |
| ) | |
| Defendants ) | |

MAGISTRATE JUDGE Cillings

## COMPLAINT

### The Parties

1. Joseph Pastore is an individual residing at 2816 W. Crowne Point Blvd., Naples, Florida, doing business, from time to time as Advanced Marine Tech and Hydrofab, and Hydrothane Systems.

2. Upon information and belief, Reiss Industries, Ltd. is a Wisconsin corporation, having a principal place of business at 319 Hart Street, Watertown, WI 53094.

3. Upon information and belief, Laminations, Inc. is a Pennsylvania corporation, having a principal place of business at 800 Penn Security Bank Bldg., 142 N. Washington Avenue, Scranton, PA 18503.

## Jurisdiction

4. Jurisdiction of each and every count herein is based on 28 USC 1332(a) as each party is a citizen of a different state and the amount in controversy exceeds $75,000 (seventy five thousand dollars), exclusive of interest and costs.

5. Venue is proper under 28 USC 1391(a)(2).

## Facts

6. This action arises under the law of unfair competition of the United States and relates to usurpation of a business opportunity and breach of a non-competition and confidentiality agreement.

7. Joseph Pastore ( hereinafter "Pastore") is the inventor of a new and novel construction of a trash rack. A trash rack is a device placed upstream of a dam used to catch and remove debris before the dam water enters a turbine to generate electricity. The structure of the trash rack invented by Pastore is illustrated and claimed in US patent 4,846,966 (hereinafter the '966 patent) attached hereto as Exhibit A, and assigned to HOH Systems, Inc.(hereinafter HOH).

8. The patent was held non-infringed by Judge Moore in the Southern District of Florida in Case No. 99-14020-CIV-Moore because the alleged infringing trash rack did not include a plurality of rods for linking a plurality of longitudinal, elastomeric elements, each rod having an internal core made of a strong rigid layer and an external layer, coaxial with the internal core made of an elastomeric material as shown in Fig. 1B of the '966 patent. Because of this the case was dismissed.

9. Pastore had assigned his patent to HOH and after Judge Moore's decision brought an action in the District of Massachusetts seeking damages against HOH to recoup royalties promised Pastore by HOH, who because of Judge Moore's decision, refused to pay, because of an allegation of lack of consideration, stating they had no knowledge that the patent was so limited in scope. In settlement of this suit, Judge Mazzone of the US District Court for the District of Massachusetts granted Pastore the right to compete with HOH (which he had given up in the royalty agreement) in the production of trash racks providing the trash racks did not infringe the '966 patent. A copy of this agreement is attached as Exhibit B.

10. Based on this covenant between the parties, Pastore approached Reiss Industries to sell a non-infringing trash rack pursuant to an Agreement for compensation (see Exhibit C) and provided the know-how to manufacture the rack in the manner in which it would not infringe the '966 patent along with the know-how to manufacture a commercially viable product with all the attributes necessary in such a trash rack, under a confidential disclosure agreement and an agreement not to compete, (see Exhibit D) unless Pastore was provided with the requested compensation. Reiss Industries engaged Laminations to manufacture the rack, in connection with the specifications provided by Pastore, to Laminations Employee John Breslin, in confidence and under a non-compete agreement (see Exhibit E) which Reiss Industries ultimately sold and still sells today without compensating Pastore in any manner per his proposal.

11. Pastore also involved his sales representative, Ray Chessman in the discussions with Reiss and Laminations with a view to having Mr. Chessman work with Reiss in the

3

sale of the Trash Rack. Pastore shared all relevant proprietary information with Reiss, Laminations and Chessman.

12. Quickly following these discussions, Reiss terminated any further discussion with Pastore about compensation for acquisition of the know-how to manufacture and sell the rack. About two months later, Reiss advertised for sale a trash rack embodying the know-how and confidential disclosures of Pastore. But for the information given to Mr. Breslin about the manufacture and design of the product, Reiss could not have entered the market, but did so, to the detriment of Pastore.

13. Specifically, Reiss proceeded to manufacture the trash rack and sell the trash rack in accordance with Pastore's specifications and know-how as to manufacture the same and avoid infringement of the patent, including *inter alia*, how to avoid:

(a) Barnacles and algae growth;

(b) Icing;

(c) Impact and abrasion damage;

(d) infringement of the patent by providing a solid core; and providing:

(e) private test evaluations; and

(f) technical drawings

all without compensation to Pastore, resulting in harm to Pastore and usurpation of the opportunity afforded to him to compete with HOH Systems, Inc.

4

## COUNT I

## USURPATION OF BUSINESS OPPORTUNITY

14. This count is against all the defendants jointly and severally under the law relating to unfair competition and seeks redress for usurpation of the business opportunity transferred to Pastore by HOH by the settlement in the US District Court of Massachusetts.

15. By using the knowledge, know-how, confidential information and the right to compete transferred to Pastore to enable Reiss to have manufactured and sell improved trash racks, the defendants have usurped the business opportunity afforded Pastore to his detriment and damage and will continue to do so unless such egregious conduct is enjoined by the Court.

## COUNT II

## BREACH OF CONFIDENTIAL DISCLOSURE AND NON-COMPETE AGREEMENTS

16. This Count seeks redress by way of damages for the breach of the confidential disclosure and non-compete agreement entered into between each defendant party and Pastore.

17. The breach of agreements resulting in the manufacture and sale by of improved trash racks based on confidential information imparted by Pastore, without compensation,

has resulted in severe monetary loss to Pastore and unjust gain and enrichment by defendants.

WHEREFORE, plaintiff prays:

1. That defendants and those acting in privity therewith, such as their agents and employees, be enjoined from selling any trash racks containing the improvements and know-how attributed to Pastore;

2. That defendants, jointly and severally, pay Pastore his monetary damages and disgorge any all profits to Pastore for use of such know-how and confidential information;

3. That Pastore be awarded damages for the willful nature of the action;

4. For reimbursement of all his costs and attorney fees;

5. For any other remedy deemed just by the Court.

John Christopher
Florida Bar No. 0493465
Massachusetts Bar No. 561163
CHRISTOPHER & WEISBERG, P.A.
200 East Las Olas Boulevard
Suite 2040
Fort Lauderdale, FL  33301
Phone: (954) 828-1488
Fax:    (954) 828-9122

Of Counsel:  Allen D. Brufsky
Florida Bar No. 133980
CHRISTOPHER & WEISBERG, P.A.
200 East Las Olas Boulevard
Suite 2040
Fort Lauderdale, FL  33301
Phone: (954) 828-1488
Fax:    (954) 828-9122

25880