# EXHIBIT D

March 3, 1999
------------
(date)

## CONFIDENTIALITY AGREEMENT

Thomas J. Reiss, Jr.
Reiss International, Ltd.
P. O. Box 524
Watertown, WI  53094

      Hydrothane Systems, a Corporation (the "Company"), is prepared to furnish to you certain confidential or proprietary information to assist you in making an evaluation of the business and prospects of the Company in connection with a possible investment in or purchase of the Company (a "Transaction").

      As a condition to the Company's furnishing confidential information to you, you and your affiliates agree, on the terms set forth below, to treat confidentially such information and any other information we or our respective representatives furnish to you (the "Evaluation Material") as defined below).

      1.      <u>CONFIDENTIALITY</u>. By signing and return to the Company the enclosed copy of this letter, you and the Company agree that (I) you will not use the Evaluation Material for any purpose other than in furtherance of a possible Transaction and that (ii) the Evaluation Material, as well as the fact and substance of any future discussion, will not be disclosed to any third party; provided, however, that any such Evaluation Material may be disclosed to directors, officers, employees and representatives, including legal counsel and financial advisers, if any, (all such persons being referred to collectively as "representatives"), who are actively and directly participating in the evaluation of a possible Transaction. Evaluation Material may be disclosed to such representatives only if such disclosure is made expressly subject to the terms of this Confidentiality Agreement and only if each such person given access to Evaluation materials shall have executed a confidentiality agreement substantially identical to this Confidentiality Agreement, copies of which shall be furnished promptly to the Company. Notwithstanding the foregoing, you may disclose the Evaluation material to any other specified person with the prior written consent of the Company. Nothing in this Confidentiality Agreement shall obligate the Company to deliver any information to you or your representatives.

      You will not, and will direct your representatives not to, disclose to any person the fact that the Evaluation Material has been made available to you, that you have inspected any portion of the Evaluation Material, or that any discussions are taking or may take place, without the prior written consent of the Company. You may, however, make disclosure concerning any discussions if, but only to the extent that, in the opinion of your legal counsel, such disclosure is required by you or any of your representatives under applicable securities laws and if the Company has been first consulted regarding such opinion and any such disclosure. The term "person" as used in this Confidentiality Agreement shall be broadly interpreted to include, without limitation, any individual or corporation, company, joint-venture, partnership, or other entity.

2. **REQUIRED DISCLOSURE.** If you or any of your representatives are requested or Required (by oral question or request for information or documents in legal proceedings, interrogatories, subpoena, civil investigation demand, or similar process) to disclose any Evaluation Material, the fact that the Evaluation Material has been made available, or the fact and substance of any discussions, you will provide the Company or its designated representatives with prompt notice of any request or requirement so that the Company may seek an appropriate protective order, or by written agreement, waive your compliance with the provisions of this Confidentiality Agreement. If in the absence of a protective order or the receipt of a written waiver hereunder you or any of your representatives is, in the reasonable written opinion of legal counsel, compelled to disclose Evaluation Material, the fact that the Evaluation Material has been made available or the fact and substance of any discussions to any tribunal or else stand liable for contempt or suffer other censure or penalty, you or your representatives may disclose such Evaluation Material as specifically requested to such tribunal, only after first notifying the Company. You or your representatives shall not be liable for the disclosure of information hereunder to a tribunal compelling such disclosure unless such disclosure to such tribunal was caused by or resulted from a previous disclosure by you or any of your representatives not permitted by this Confidentiality Agreement.

3. **EVALUATION MATERIAL.** The term "Evaluation Material" includes, without limitation, (I) all information and know-how of a business or technical nature, oral or written, including financial data, budgets, projections, business plans, marketing information, reports, systems and procedures, pricing data, computer programs and software, trade secrets, agreements and economic studies supplied by or on behalf of the Company, (ii) all information, oral or written, furnished by the Company or its representatives (whether or not authorized) concerning, or observation by representatives of the Company concerning, the Company, and (iii) any and all other information, oral or written, supplied by or on behalf of the Company relating to the business of the Company, and all memoranda, analyses, computations, studies, or other documents or records prepared by you or representatives which reflect or are developed from or based on the preceding. The term "Evaluation Material" does not include information which becomes generally available to the public other than as a result of a disclosure by you or your representatives or a disclosure by a third party not under a contractual or other legal obligation not to make such disclosure.

4. **REDELIVERY.** You, your affiliates and representatives will within 10 days after written request by the Company redeliver to the Company all documents or other materials furnished by the Company, or its representatives to you or your representatives constituting "Evaluation Material," including all copies or reproductions thereof or extracts therefrom. You shall not retain any copies, extracts or other reproductions, whether in written or electronic form, in whole or in part, of any such documents or other materials. All memoranda or other documents or records containing any such confidential information, including without limitation, any summary or analysis thereof, shall be Evaluation Material subject to the provisions of this Agreement.

5. **NO REPRESENTATION OR WARRANTIES.** You acknowledge that neither the Company, nor its representatives made any representations or warranty as to the accuracy or completeness of the Evaluation Material. You agree that neither the Company nor any of its officers, directors, partners, employees, or representatives shall have any liability to you or any of your agents or representatives resulting from your or their use of the Evaluation Material or any other documents or information concerning the Company.

6. **SOLICITATION OF EMPLOYEES.** Without the prior written consent of the Company, you will not, and will direct your affiliates and representatives not to, solicit any employee of the Company or of any of its operations to become employed by you or any of your affiliates.

7. **REMEDIES.** It is understood and agreed that money damages would not be a sufficient remedy for any breach of this Confidentiality Agreement by you or your representatives and that the

Company shall be entitled to specific performance and injunctive relief as remedies for any such breach, and you further agree to waive, and to use your best efforts to cause your representatives to waive, any requirement for the securing or posting of any bond in connection with such remedy. Such remedies shall not be deemed to be the exclusive remedies for your or their breach of this Confidentiality Agreement but shall be in addition to all other remedies available at law or in equity to the Company. In the event of litigation concerning this Confidentiality Agreement, if a court of competent jurisdiction determines that a party has breached this Confidentiality Agreement, then such party shall be liable for and pay to the non-breaching party has incurred in connection with such litigation, including any appeal therefrom.

8.     **WAIVER, AMENDMENT**. It is further understood and agreed that no failure or delay in exercising any right, power, or privilege, hereunder shall operate as a waiver thereof, not shall any single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any right, power, or privilege hereunder. This Confidentiality Agreement may be amended only by written agreement signed by the party against whom enforcement is sought.

9.     **TERMS AND GOVERNING LAW**. Except as otherwise expressly provided in Section 5 hereof, this Confidentiality Agreement shall continue for a period of 10 years from the date.

10.    **JURISDICTION**. You and your representatives agree and consent to (I) with respect to you, the validity and effectiveness of service of a summons and complaint by certified or registered mail addressed to you at your address appearing above and with respect to your representatives, the validity and effectiveness of service of a summons and complaint by certified or registered mail addressed to them at their principal business address, and (ii) personal jurisdiction and venue in any action brought in any court, federal or state, within the State of Florida having subject matter jurisdiction, in connection with any matter arising under this Confidentiality Agreement. You waive, to the fullest extent you may effective do so, the defense of an inconvenient forum to the maintenance of such action or proceeding.

If the foregoing is acceptable to you, please so acknowledge by signing the enclosed copy of this letter and returning it to the undersigned.

Very truly yours,

Hydrothane Systems

By: _____

Name:  Joseph Pastore
Title: President

Confirmed and Agreed to:

_____
Thomas J. Reiss, Jr.
CEO
Reiss International, Ltd.

# CONFIDENTIALITY AGREEMENT

AGREEMENT and acknowledgement between first party, Advanced Marine Tech, Inc. (Company) and second party, Reiss International, Ltd.

Whereas, the Company agrees to furnish the Undersigned access to certain confidential information relating to the affairs of the Company solely for purposes of: evauation

Whereas, the Undersigned agrees to review, examine, inspect or obtain such information only for the purposes described above, and to otherwise hold such information confidential and secret pursuant to the terms of this agreement.

BE IT KNOWN, that the Company has or shall furnish to the Undersigned certain confidential information, described on attached list, and may further allow suppliers, customers, employees or representatives of the Company to disclose information to the Undersigned, only upon the following conditions:

1. The Undersigned agrees to hold all confidential or proprietary information or trade secrets ("information") in trust and confidence and agrees that it shall be used only for the contemplated purpose, and shall not be used for any other purpose or disclosed to any third party under any circumstances whatsoever.

2. No copies may be made or retained of any written information supplied.

3. At the conclusion of our discussions, or upon demand by the Company, all information, including written notes, photographs, or memoranda shall be promptly returned to the Company. Undersigned shall retain no copies or written documentation relating thereto.

4. This information shall not be disclosed to any employee, consultant or third party unless said party agrees to execute and be bound by the terms of this agreement, and disclosure by Company is first approved.

5. It is understood that the Undersigned shall have no obligation with respect to any information known by the Undersigned or as may be generally known within the industry prior to date of this agreement, or that shall become common knowledge within the industry thereafter.

6. The Undersigned acknowledges the information disclosed herein is proprietary or trade secrets and in the event of any breach, the Company shall be entitled to injunctive relief as a cumulative and not necessarily successive or exclusive remedy to a claim for monetary damages.

7. This agreement shall be binding upon and inure to the benefit of the parties, their successors and assigns.

8. This constitutes the entire agreement.

Signed this 4th day of September, 2001.   (year).

Witnessed:

_____  
Witness

_____  
Witness

_____  
First Party, for the Company

_____  
Second Party

Reiss International, Ltd.  
Thomas, J. Reiss, Jr.  
CEO

ent by: REISS INTERNATIONAL; 920 261 8357; Sep-5-01 11:24AM; Page 3/3
08/27/2001 15:22 FAX 20776122   Advanced Marine Tech            004
Case 1:04-cv-12374-REK   Document 1-6   Filed 11/09/2004   Page 7 of 11

# NON-COMPETE AGREEMENT

FOR GOOD CONSIDERATION, the undersigned First Party jointly and severally covenant and agree not to compete with the business of Advanced Marine Tech, Inc. Second Party (Company), and its lawful successors and assigns.

The term "non compete" as used herein shall mean that the Undersigned shall not directly or indirectly engage in a business or other activity described as: Pat# 5692451, Pat# 09/780,909, Canadian Pat# 2,246,017

notwithstanding whether said participation be as an owner, officer, director, employee, agent, consultant, partner or stockholder (excepting as a passive investment in a publicly owned company).

This covenant shall extend only for a radius of _____ miles from the present location of the Company at _____ and shall remain in full force and effect for _____ years from date hereof.

In the event of any breach, the Company shall be entitled to full injunctive relief without need to post bond, which rights shall be cumulative with and not necessarily successive or exclusive of any other legal rights.

This agreement shall be binding upon and inure to the benefit of the parties, their successors, assigns and personal representatives.

Signed this 4th day of September, 2001 (year).

Witnessed:

_____Susan L. Krueger_____
Witness

_____
Witness

_____Thomas J. Reiss, Jr. CEO_____
First Party  Reiss International, Ltd.

_____
Second Party

# EXHIBIT E

# CONFIDENTIALITY AGREEMENT

*Laminations Corp.*

AGREEMENT and acknowledgement between first party,

(Company) and second party,

Whereas, the Company agrees to furnish the Undersigned access to certain confidential information relating to the affairs of the Company solely for purposes of:


Whereas, the Undersigned agrees to review, examine, inspect or obtain such information only for the purposes described above, and to otherwise hold such information confidential and secret pursuant to the terms of this agreement.

BE IT KNOWN, that the Company has or shall furnish to the Undersigned certain confidential information, described on attached list, and may further allow suppliers, customers, employees or representatives of the Company to disclose information to the Undersigned, only upon the following conditions:

1. The Undersigned agrees to hold all confidential or proprietary information or trade secrets ("information") in trust and confidence and agrees that it shall be used only for the contemplated purpose, and shall not be used for any other purpose or disclosed to any third party under any circumstances whatsoever.

2. No copies may be made or retained of any written information supplied.

3. At the conclusion of our discussions, or upon demand by the Company, all information, including written notes, photographs, or memoranda shall be promptly returned to the Company. Undersigned shall retain no copies or written documentation relating thereto.

4. This information shall not be disclosed to any employee, consultant or third party unless said party agrees to execute and be bound by the terms of this agreement, and disclosure by Company is first approved.

5. It is understood that the Undersigned shall have no obligation with respect to any information known by the Undersigned or as may be generally known within the industry prior to date of this agreement, or that shall become common knowledge within the industry thereafter.

6. The Undersigned acknowledges the information disclosed herein is proprietary or trade secrets and in the event of any breach, the Company shall be entitled to injunctive relief as a cumulative and not necessarily successive or exclusive remedy to a claim for monetary damages.

7. This agreement shall be binding upon and inure to the benefit of the parties, their successors and assigns.

8. This constitutes the entire agreement.

Signed this 24 day of July, 2001 (year).

Witness:

_____         _____
                                  First Party, for the Company
                                  John Breslin G.M.
_____         
Witness                           Second Party, Laminations, Inc.

-77-

## NON-COMPETE AGREEMENT

FOR GOOD CONSIDERATION, the undersigned First Party jointly and severally covenant and agree not to compete with the business of Advanced Marine Tech Second Party (Company), and its lawful successors and assigns.

The term "non compete" as used herein shall mean that the Undersigned shall not directly or indirectly engage in a business or other activity described as:

trash racks and sea chest covers

notwithstanding whether said participation be as an owner, officer, director, employee, agent, consultant, partner or stockholder (excepting as a passive investment in a publicly owned company).

This covenant shall extend only for a radius of _____ miles from the present location of the Company at _____ and shall remain in full force and effect for _____ years from date hereof.

In the event of any breach, the Company shall be entitled to full injunctive relief without need to post bond, which rights shall be cumulative with and not necessarily successive or exclusive of any other legal rights.

This agreement shall be binding upon and inure to the benefit of the parties, their successors, assigns and personal representatives.

Signed this _____ day of July 24, 2001 (year).

Witness: [signature]
Witness: [signature]

First Party, Laminations, Inc.
[signature] John Breslin G.M.
Second Party