UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOSEPH PASTORE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-12374 REK |
| | ) | |
| REISS INDUSTRIES, LTD. dba HYDRO COMPONENTS & SYSTEMS, LLC, and LAMINATIONS, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF DEFENDANT "REISS INDUSTRIES, LTD."[1]
IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO RULE 12(b)(2)**

**INTRODUCTION**

A company cannot be forced to defend a lawsuit in a jurisdiction to which it has no contacts. Reiss International, Ltd., the holding company for Hydro Component Systems, LLC[2] (collectively "Hydro"), through its counsel Choate, Hall & Stewart and Reinhart Boerner Van Deuren S.C., hereby moves to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure Rule 12(b)(2).

**FACTS**

Hydro is a Wisconsin corporation (*see* Complaint at ¶ 2); *see* Affidavit of Thomas Reiss (Reiss Affidavit at ¶ 3). Hydro's only place of business is located in Watertown, Wisconsin. *See* Reiss Affidavit at ¶ 3. Hydro is unaware of having made any sales in Massachusetts. *See* Reiss

---

[1] *See* Footnote 2.

[2] *See* Affidavit of Thomas J. Reiss, Jr. at ¶ 2 for an explanation of the correct party names.

Affidavit at ¶ 4.  Hydro is not registered to do business in Massachusetts and does not have an agent for service of process in the commonwealth.  *See* Reiss Affidavit at ¶ 5.  Hydro owns no property in Massachusetts.  *See* Reiss Affidavit at ¶ 5.  Hydro agreed to accept service of the Complaint via United States mail; it was not served while present in Massachusetts.  *See* Reiss Affidavit at ¶ 6.[3]

On November 9, 2004, Pastore filed this lawsuit in this Court.  *See* Complaint and Civil Cover Sheet on file with this Court.  The only allegation in the Complaint related to jurisdiction appears in paragraph 4 and relates only to this Court's alleged subject-matter jurisdiction.  *See* Complaint at ¶ 4.  As to venue, Pastore merely states "venue is proper under 28 U.S.C. § 1391(a)(2)," but nowhere in the Complaint does Pastore allege facts to support that allegation, namely that "a substantial part of the events of omissions giving rise to the claim occurred here," or " a substantial part of the property that is the subject of the action is situated" in Massachusetts.  *See* Complaint at ¶ 5.

Massachusetts appears in Pastore's Complaint only gratuitously.  Pastore alleges he assigned rights to a certain United States patent to a company known as HOH Systems, Inc. ("HOH").  *See* Complaint at ¶ 7.  According to the Complaint, Pastore apparently had a dispute with HOH over royalties HOH allegedly owed to Pastore but never paid.  *See* Complaint at ¶ 9.  Pastore apparently sued HOH in the District of Massachusetts "to recoup" the royalties.  *See*

---

[3] Wisconsin is the place where Hydro keeps all company files, all business correspondence is sent and received, and where Hydro maintains active bank accounts.  *See* Reiss Affidavit at ¶ 7.  Hydro has no subsidiaries or distributors located in or doing business in Massachusetts.  *See* Reiss Affidavit at ¶ 9.  Hydro has no sales representatives assigned to Massachusetts, nor does Hydro direct advertising there.  *See* Reiss Affidavit at ¶¶ 9 and 10.  Hydro is not in the business of providing insurance.  *See* Reiss Affidavit at ¶ 11.  No officer or director of Hydro lives in Massachusetts, or is subject to a Massachusetts state court-ordered child support decree.  *See* Reiss Affidavit at ¶ 12. Hydro Components does maintain a website, accessible from Massachusetts and all other states, at www.hydrocomponentsystems.com, but that website is not directed specifically to Massachusetts, and it does not allow customers to make purchases over the website.  Instead, the most a person from Massachusetts can do is request additional information from Hydro Components.  *See* Reiss Affidavit at ¶ 13.

Complaint at ¶ 9.  Pastore and HOH apparently settled their dispute at a May 14, 2001 mediation.  *See* Complaint at ¶ 9 and Exhibit B attached thereto.

Hydro was not a party to the earlier Massachusetts lawsuit.  *See* Reiss Affidavit at ¶ 14.  Hydro has no ownership interest in or other affiliation with HOH.  *See* Reiss Affidavit at ¶ 14.  Pastore merely alleges that after the May 2001 settlement with HOH, "Pastore approached Reiss Industries to sell a non-infringing trash-rack."[4]  *See* Complaint at ¶ 10.  The Complaint then contains further allegations, specifically that Pastore offered to enter into an agreement with Hydro for compensation[5] and that Pastore provided certain "know how" under a confidential disclosure agreement and an agreement not to compete.  *See* Complaint at ¶ 10 and Exhibit D attached thereto.  Pastore does not allege anywhere in his Complaint that Massachusetts is a judicial district in which a substantial (or any) part of the events or omissions giving rise to Pastore's claims occurred or a substantial (or any) part of property that is the subject of the action is situated.  *See* Complaint at ¶¶ 1-17.  Hydro never contractually consented to personal jurisdiction in Massachusetts as part of any agreement.  *See* Exhibit D ¶ 10 to the Complaint.

## LEGAL STANDARD AND BURDEN OF PROOF

A plaintiff bears the burden of making a prima facie showing of jurisdiction over a defendant if a Court proceeds without holding an evidentiary hearing when ruling on a motion to dismiss for lack of personal jurisdiction.  *Nowak v. Tak How Invs., Ltd.,* 94 F.3d 708, 712 (1st Cir. 1996).  The First Circuit has cautioned that evidentiary hearings should be used discreetly because (1) the hearings are taxing and cumbersome; and (2) factual determinations made before trial may have binding, preclusive effects.  *Daynard v. Ness, Motley, Loadholt, Richardson &*

---

[4] Again, Pastore approached Reiss International, Ltd., not Reiss Industries, Ltd.  *See* Reiss Affidavit at ¶ 2.

[5] *See* Exhibit C to the complaint, which is not signed.

*Poole, P.A.*, 284 F.Supp. 2d 204, 211 (D. Mass. 2003). Evidentiary hearings should only employed "when the proffered evidence is conflicting and the record is rife with contradictions." *See id.*

Under the prima facie standard, Plaintiff must cite to specific evidence in the record demonstrating the relevant jurisdictional facts. *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.,* 290 F.3d 42, 51 (1st Cir. 2002), *cert. denied,* 537 U.S. 1029, 123 S.Ct. 558, 154 L.Ed.2d 444 (2002). The court accepts sufficiently supported facts as true and views them in the light most favorable to the plaintiff. *Daynard v. Ness; Motley; Loadholt; Richard & Poole, P.A.,* 290 F.3d at 51. The Court must also accept as true any uncontested facts put forward by the defendant. *See* i*d.* The federal court must then dismiss unless it finds sufficient contact between the defendant and the forum to satisfy both the state's long-arm statute and the Fourteenth Amendment's Due Process Clause. *Sawtelle v. Farrell*, 70 F.3d 1381, 1387 (1st Cir. 1995).

**ARGUMENT**

For more than 50 years, the touchstone of personal jurisdiction in the federal courts has been whether the defendant purposefully established minimum contacts in the forum state such that he would reasonably anticipate being haled into the forum court. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S. Ct. 2174, 2182, 85 L. Ed. 2d 528 (1985) *citing International Shoe Company v. Washington*, 326 U.S. 310, 316, 66 S. Ct. at 158 (1945).

When determining whether personal jurisdiction exists, courts in Massachusetts analyze first whether jurisdiction is proper under Massachusetts' long-arm statute and then whether exercise of jurisdiction comports with traditional notions of due process. *See A-Connoisseur Transp. Corp. v. Celebrity Coach, Inc.*, 742 F. Supp. 39, 42 (D. Mass. 1990). Plaintiff can satisfy neither step of this test.

**I.      MASSACHUSETTS CANNOT EXERCISE JURISDICTION OVER HYDRO UNDER ITS LONG-ARM STATUTE.**

Under the Massachusetts long-arm statute, M.G.L.A. c. 223A, jurisdiction over a nonresident is proper only if a party: (1) transacts any business in Massachusetts; (2) contracts to supply services or things in Massachusetts; (3) causes tortious injury by an act or omission in Massachusetts; (4) causes tortious injury by an act outside Massachusetts and regularly conducts or solicits business or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in Massachusetts; (5) has an interest in real property in Massachusetts; (6) contracts to insure any person in Massachusetts; (7) lives in Massachusetts as a party to valid state marriage contract; or (8) is subject to a Massachusetts state court-ordered child support decree. *See A-Connoisseur Transp. Corp. v. Celebrity Coach, Inc.*, 742 F. Supp. at 42.

As the Reiss Affidavit establishes, Plaintiff cannot satisfy even one factor listed above. As such, Massachusetts cannot have jurisdiction over Hydro under its long-arm statute.

**II.     MASSACHUSETTS CANNOT EXERCISE PERSONAL JURISDICTION OVER HYDRO WITHOUT VIOLATING TRADITIONAL NOTIONS OF DUE PROCESS.**

Even if Plaintiff could satisfy any of the elements under Massachusetts's long-arm statute (and the burden does belong to the plaintiff, *see id.*), the exercise of jurisdiction by Massachusetts over Hydro would not comport with due process requirements. To determine whether due process is satisfied, courts analyze minimum contacts to determine whether the contacts will satisfy either general or specific jurisdiction. General jurisdiction refers to the analysis courts use when the plaintiff's claim does not arise out of or relate to the defendant's contacts with the forum. *Helicopteros Nacionales de Columbia, S.A. v. R.V. Hall*, 466 U.S. 408, 414, n.9, 104 S. Ct. 1868, 1872, n.9 (1984). Specific jurisdiction refers to the analysis courts use

5

when the plaintiff's claim arises out of or relates to the defendant's contacts. *Id*. at 414, n.8. Plaintiff's Complaint alleges no contacts with Massachusetts whatsoever, and the Reiss Affidavit establishes that Hydro in fact has no such contacts. Thus, this Court lacks both general and specific personal jurisdiction over Hydro.

> **A.     General Jurisdiction over Hydro Does Not Exist.**

Under the general jurisdiction analysis, the due process requirements of the Constitution are satisfied only when a defendant has purposefully established "continuous and systematic contact" with the forum state. *Helicopteros Nacionales de Columbia, S.A. v. R.V. Hall*, 466 U.S. at 414. As commentators have recognized, "this is a high standard to meet." *See* 1. Robert L. Haig, Ed. *Business and Commercial Litigation in the Federal Courts*, Section 2.6(1) (West Group & ABA 1998). As set forth in the fact section above, Hydro lacks any jurisdictional contacts whatsoever with Massachusetts, let alone the "continuous and systematic" contacts necessary to satisfy general personal jurisdiction.

> **B.     Specific Personal Jurisdiction Does Not Exist.**

Similarly, this Court lacks specific personal jurisdiction over Hydro and therefore must dismiss Plaintiff's Complaint. The Supreme Court has stated that specific jurisdiction exists when the plaintiff's claims arise out of or are related to the defendant's contacts with the forum state. *Helicopteros Nacionales de Columbia, S.A. v. R.V. Hall*, 466 U.S. at 414, n.8. The focus under a specific jurisdiction analysis is on the nexus between the defendant's contacts and the plaintiff's cause of action. *See Nowak v. Tak How Investments, Ltd*., 94 F.3d at 714. This "relatedness requirement" helps ensure that an element of causation remains in the forefront of the constitutional due process inquiry. *Id.* at 713-714. The First Circuit generally utilizes a proximate cause standard when assessing whether a plaintiff's claims arise out of or are related to a defendant's contacts. *Id*. at 708. To satisfy the First Circuit's test, a plaintiff must show:

(1) the claim underlying the litigation directly arises out of, or relates to, the defendant's forum-state activities; (2) the defendant's in-state contacts represent a purposeful availment of the privilege of conducting activities in the forum state; and (3) the exercise of jurisdiction is reasonable under the gestalt factors.[6] *See Sawtelle v. Farrell*, 70 F.3d at 1389.

This Court need not, however, reach the application of the proximate cause or any other standard because a necessary prerequisite—that Hydro have at least *some* contacts with Massachusetts—is utterly lacking. As set forth above and in the Reiss Affidavit, Hydro lacks any contact whatsoever with Massachusetts. Thus, this Court lacks specific personal jurisdiction over Hydro, and Plaintiff's Complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2).

---

[6] As described by the First Circuit, the gestalt factors include (1) the defendant's burden of appearing; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the judicial system's interest in obtaining the most effective resolution of the controversy; and (5) the common interest of all sovereigns in promoting substantive social policies. *See Sawtelle v. Farrell*, 70 F.3d 1381, 1394 (1st Cir. 1995).

## CONCLUSION

For the foregoing reasons, this Court should dismiss the Complaint in this action for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2).

    Respectfully submitted,

    REISS INDUSTRIES, LTD.
    d/b/a HYDRO COMPONENTS & SYSTEMS,
    LLC, and LAMINATIONS, INC.,

    By their attorneys,

    /s/ Wendy S. Plotkin
    Daniel C. Winston (BBO #562209)
    Wendy S. Plotkin (BBO #647716)
    Sara E. Solfanelli (BBO#658018)
    CHOATE, HALL & STEWART
    Exchange Place
    53 State Street
    Boston, Massachusetts 02109
    (617) 248-5000

Of Counsel:

David G. Hanson
Amy L. Reichelt
Reinhart Boerner Van Deuren S.C.
1000 North Water Street, Suite 2100
Milwaukee, WI 53202
(414) 298-1000

Mailing Address:
P.O. Box 2965
Milwaukee, WI 53201-2965

3827391_1.DOC