UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOSEPH PASTORE,<br><br>  Plaintiff,<br><br>  v.<br><br>REISS INDUSTRIES, LTD. dba HYDRO COMPONENTS & SYSTEMS, LLC, and LAMINATIONS, INC.<br><br>  Defendants. | C.A. No. 04-12374 REK |

### DEFENDANT LAMINATIONS, INC.'S MEMORANDUM
### IN SUPPORT OF MOTION TO DISMISS

This memorandum is submitted in support of defendant Laminations, Inc.'s Motion to Dismiss under Rules 12(b)(3) and 12(b)(7).

### Factual Background

This matter is before the Court on the Complaint of Joseph Pastore ("Pastore") against Laminations, Inc. ("Laminations") and Reiss Industries, Ltd. ("Reiss").[1] The Complaint, which was filed on November 9, 2004, asserts claims of "usurpation of business opportunity" and breach of contract against both Laminations and Reiss. The Plaintiff's claims arise out of business conversations he allegedly had with Laminations and Hydro concerning the manufacture of so called "trash racks," which are explained more fully in the Complaint. See Complaint, ¶ 7. The Plaintiff filed his Complaint in Massachusetts despite the fact that none of

---

[1] According to the Affidavit of Thomas J. Reiss filed in Support of Reiss Industries Ltd. Motion to Dismiss, Hydro Component Systems, Inc. ("Hydro"), not Reiss Industries, Ltd. is the proper party for this suit. Therefore, throughout this Memorandum Defendant Laminations will refer to Hydro as its co-defendant.

1

the parties reside in Massachusetts, none of the events or omissions giving rise to the Complaint occurred in Massachusetts, and all necessary parties cannot be joined in Massachusetts.

Laminations is a Pennsylvania corporation with a principal (and only) place of business in Scranton, Pennsylvania. See Affidavit of James Breslin ("Breslin Aff."), ¶ 2. Laminations is engaged in the business of developing and manufacturing plastic products, specifically compression molded and extruded polyfolin sheet and slab for commercial, industrial, and architectural applications. See Breslin Aff., ¶ 3. Laminations designs and manufactures all of its products in Pennsylvania and has no facilities, sales representatives or other employees in the State of Massachusetts. See Breslin Aff., ¶¶ 4,5. Mr. Pastore resides in Florida. See Complaint, ¶ 1. Laminations has not conducted any business whatsoever with Mr. Pastore in Massachusetts. See Breslin Aff., ¶6. All conversations between Mr. Pastore and Laminations concerning the documents attached as Exhibit E to the Complaint were conducted by phone from Laminations' offices in Pennsylvania. See Breslin Aff., ¶6. Laminations never received any confidential materials from Mr. Pastore or his companies in Massachusetts or elsewhere. See Breslin Aff., ¶7.

Laminations has manufactured plastic sheeting materials for co-defendant Hydro Components Systems, Inc. ("Hydro"). See Breslin Aff., ¶8. Hydro is a Wisconsin corporation and with a principle (and only) place of business in Watertown, Wisconsin. See Affidavit of Thomas Reiss ("Reiss Aff."), ¶ 3 (filed in support of "Reiss Industries, Ltd.'s" Motion to Dismiss.) The materials sold to Hydro were manufactured in Pennsylvania and shipped to Hydro in Wisconsin. See Breslin Aff., ¶8. None of these materials were used in any product sent or sold in Massachusetts. See Reiss Aff., ¶8. Neither Hydro nor Laminations were parties to the HOH Litigation or settlement or are affiliated with HOH. See Breslin Aff., ¶11; Reiss Aff., 14¶.

**Argument**

I.  **PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR IMPROPER VENUE PURSUANT TO RULE 12(B)(3)**

Under Fed. R. Civ. P. 12(b)(3), a motion to dismiss based on improper venue triggers a burden on the plaintiff to demonstrate that it has brought the action in a permissible forum. See Cordis Corp. v. Cardiac Pacemakers, 599 F.2d 1085, 1086 (1st Cir.1979). Here, Plaintiff's Complaint has not established and there are no circumstances under which the Plaintiff could establish that Massachusetts is a proper forum for this suit. As set forth further below, none of the parties in this suit reside in Massachusetts and none of events or omissions allegedly giving rise to the Plaintiff's claims occurred in Massachusetts. Second, as set forth in Section II below and in co-defendant "Reiss Industries, Ltd.'s" Motion to Dismiss, this Court lacks personal jurisdiction over co-defendant Hydro, and thus venue is improper in Massachusetts because co-defendant Hydro is an indispensable party.

In a diversity case, 28 U.S.C. §1391(a) denotes which venue or venues are appropriate to bring suit. Under §1391(a), venue is proper in: "(1) district where any defendant resides, if all defendants resides in the same state; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may be otherwise brought." 28 U.S.C. §1391(a).

None of these conditions required for venue in Massachusetts exist. None of the parties reside in Massachusetts. 28 U.S.C. §1391(a)(1). Further, it is clear from the allegations of the Complaint that *none* of the events giving rise to this suit occurred in Massachusetts. 28 U.S.C. §1391(a)(2). Plaintiff makes the conclusory allegation that venue is proper under §1391(a)(2)

(Complaint, ¶ 5), but alleges no facts that the necessary showing that "a substantial part of the events or omissions giving rise to the Plaintiff's claims" occurred in Massachusetts. This conclusory allegation, without more, is not enough to establish proper venue in Massachusetts. See Trask v. Service Merchandise Co., Inc., 135 F.R.D. 17, 20 (D. Mass. 1991) (plaintiff cannot rely on conclusory assertions to support proper venue).

It is difficult to ascertain what events or omissions the Plaintiff believes occurred in Massachusetts. Plaintiff does not allege that its contract claims (Count II) bears any relation to Massachusetts. Moreover, as set forth in the Breslin Affidavit, Laminations conducted any and all relevant discussions with Mr. Pastore in or from Pennsylvania, produced all its product in Pennsylvania, and shipped all products to Hydro in Wisconsin. The only conceivable connection to Massachusetts alleged in the Complaint is a settlement agreement reached in patent litigation pending in this District between Pastore and a non-party to this litigation, HOH Systems, Inc. ("HOH" and the "HOH Litigation"). See Complaint, ¶ 9. This settlement agreement appears to rescind a non-competition agreement between Pastore and HOH, restoring to Pastore the right to compete against HOH in the business of manufacturing trash racks. Neither Laminations nor Hydro was party to the HOH Litigation or its settlement, nor does Plaintiff allege any cognizable basis by which that settlement purports to support a claim against *Laminations or Hydro*. The Massachusetts settlement agreement thus has no relation to any valid causes of action Plaintiff could allege against Hydro or Laminations.[2]

By any account, the mere mention of an unrelated settlement agreement in a Massachusetts litigation certainly does not constitute a "substantial part" (or any part) of the

---

[2] The settlement agreement between Pastore and HOH could not give rise to valid claim for "usurpation of business opportunity" against Laminations or Hydro, as neither was a party to the agreement. If Plaintiff's claim of "usurpation of business opportunity" is based on the settlement agreement in the HOH Litigation, it is not legally cognizable and cannot support venue and should be dismissed.

4

events and omissions giving rise to this suit, which is required to establish proper venue. See Uffner v. La Reunion Francaise, 244 F.3d 38, 43 (1st Cir. 2001). This requirement of substantiality is to prevent the unfairness of a defendant being "haled into a remote district having no real relationship to the dispute." Cottman Transmission Systems, Inc. v. Martino, 36 F.3d 291, 294 (3d Cir. 1994). Here, the only conceivably valid portions of the Plaintiff's Complaint depend on alleged contracts with Laminations which were not executed by Pastore or Laminations in Massachusetts, and alleged discussions and conduct which did not occur in Massachusetts.

   Finally, Massachusetts is also not a proper venue for the Plaintiff's Complaint under §1391(a)(3). This provision only applies when there is no other jurisdiction that the Plaintiff can bring suit. The Plaintiff has made no showing that he is unable to establish jurisdiction over the defendants in another district, and thus §1391(a)(3) does not apply in this case. Thus, the Complaint must be dismissed. See, e.g., United States v. G&C Enters., Inc., 62 F.3d 35, 37 (1st Cir. 1995) (affirming *dismissal* of action due to improper venue).

**II.**  **PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO JOIN AN INDISPENSABLE PURSUANT TO RULE 12(B)(3)**

   This Court should also dismiss Plaintiff's Complaint against Laminations because this Court lacks personal jurisdiction over co-defendant Hydro and Hydro is an indispensable party pursuant to Rule 19(b). As set forth fully in Reiss's Motion to Dismiss and Memorandum in Support filed on February 14, 2005, Hydro is a Wisconsin corporation with no ties or activities in Massachusetts. None of the interactions between Hydro and the plaintiff or Hydro and Laminations occurred in Massachusetts. Therefore, there are insufficient contacts between Hydro and Massachusetts to satisfy the Massachusetts long arm statute and the Fourteenth

Amendment's due process clause.  <u>See</u> Memorandum of Defendant "Reiss Industries, Ltd." in Support of its Motion to Dismiss Pursuant to Rule 12(b)(2).

As co-defendant Hydro must be dismissed from this suit, this entire action must be dismissed because Hydro is a necessary, and therefore, indispensable party under Fed. R. Civ. P. 19(b).  Under Rule 19, a party is "indispensable" to an action if it is a necessary party that cannot be joined, and the court cannot "in good equity and conscience" proceed without the necessary party.  Fed. R. Civ. P. 19(b).  Rule 19(b) provides four factors that a court should consider in determining whether a party is indispensable;

> first, to what extent judgment rendered in the person's absence might be prejudicial to the person or those already parties;
>
> second, the extent to which, by protective provisions in the judgment, the shaping of relief, or other measures, the prejudice can be lessened or avoided;
>
> third, whether a judgment rendered in the person's absence will be adequate;
>
> fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).  An analysis of these four factors show that Hydro is clearly an indispensable party.

With respect to the first factor, the Plaintiff asserts that Hydro and Laminations; acted in concert to "usurp" the Plaintiff's business opportunity; and breached agreements with Plaintiff through their joint production of trash racks.  Plaintiff asserts that Laminations and Hydro are jointly and severally liable, and seeks injunctive relief against both.  If this action is allowed to go forward without Hydro's participation, Hydro might be severely prejudiced in that a verdict could be rendered by this Court concerning Hydro's liability without an opportunity for Hydro to present its own defense.

6

Similarly, regarding the second and third factors, there is no way a meaningful judgment concerning liability of the parties could be structured by this Court to avoid this prejudicial result. For example, any damages to which the Plaintiff might be entitled from Hydro and Laminations would likely be intertwined. Moreover, if the claims against Laminations go forward in this District without Hydro, the same claims could be tried in different jurisdictions since the Plaintiff would be free to bring a separate suit against Hydro in a proper jurisdiction. Courts have generally followed the policy that a court should not sever claims against two defendants when each party's conduct is central to the issues raised by the plaintiff and severance would require "the same issues to be litigated in two places." Cottman 36 F.3d at 296 (3d Cir. 1994) (holding that case should be dismissed against both defendants when venue was improper as to one co-defendant). Here, the Plaintiff alleges that the parties acted together to steal and use his confidential information, jointly manufacture trash racks in violation of contract, and deprive him of business opportunity. Therefore, it would be inefficient and prejudicial to litigate the Plaintiff's claims against Laminations and Hydro separately.

Finally, the Plaintiff clearly has an adequate remedy if this action is dismissed for misjoinder or improper venue. The Plaintiff has the opportunity to refile his suit in any jurisdiction where he can establish personal jurisdiction over both defendants as well as proper venue. Plaintiff has made no showing that it lacks an alternative and more appropriate forum.

Based on the factors set forth in Rule 19(b), Hydro is a necessary and indispensable party, and in its absence this case must be dismissed. See Cottman, 36 F. 3d at 296 (*dismissing* suit when proper venue could not be established for all defendants).

**Conclusion**

    For the foregoing reasons, the Court should grant Laminations Motion to Dismiss Plaintiff's Complaint.

                            Respectfully submitted,

                            LAMINATIONS, INC.

                            By their attorneys,

                            /s/ Wendy S. Plotkin
                            Daniel C. Winston (BBO#562209)
                            Wendy S. Plotkin (BBO#647716)
                            Sara E. Solfanelli (BBO#658018)
                            CHOATE, HALL & STEWART
                            Exchange Place
                            53 State Street
                            Boston, MA  02109
                            (617) 248-5000