UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH PASTORE, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> Reiss Industries, Ltd. dba Hydro ) <br> Components & Systems, LLC, and ) <br> Laminations, Inc., ) <br> ) <br> Defendants ) | Civil Action No. 04-12374 REK |

**MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION AND
IMPROPER VENUE**

Operative Facts

Joseph Pastore, Plaintiff in this action, brought suit in this District against HOH Systems Inc., to rescind a certain Business Agreement between the parties and damages. This suit is captioned *HOH Systems, Inc v. Hydrofab, Inc.*, No.00-12240 rek. Hydrofab, Inc. was Mr. Pastore's company, based in Portland, Maine.

Specifically, the suit alleged that the payments under the Agreement had not been made and requested reassignment of certain patents. The Agreement contained a non-competition clause barring Pastore from competing with HOH in the manufacturing and sale of trash racks for use to remove debris from water prior to the water entering a hydroelectric turbine in a dam. A

sample of such a trash rack and its use is described in U.S. Patent No. 4,846,966 issued to Pastore, attached to the Complaint as Exhibit A and assigned to HOH in the Agreement, HOH raised as a defense that U.S. Patent No. 4,846,966 had been held to be non-infringed in a patent infringement suit brought by HOH v. Florida Power & Light and thus there was "a failure of consideration" negating any claim for damages and recission.

Nevertheless, the case was assigned for mediation in this Court before U.S. District Judge David S. Mazzone, now deceased, in May 2001. As a result of the mediation, an agreement to dismiss the suit was reached. This agreement is set forth in Exhibit B to the Complaint and created a business opportunity for Pastore to compete with HOH in the manufacture and sale of trash racks which did not infringe any US patent sold to HOH by Pastore (Hydrofab, Inc.)

Pastore then approached the Defendants in this case "Reiss" (a Wisconsin corporation) and "Laminations," (a Pennsylvania corporation) to form a joint venture to manufacture and sell non-infringing trash racks. This approach was under various confidential disclosure(s) agreements entered into by Pastore with Reiss and Laminations disclosing how to build the trash racks and how to avoid infringement (See Exhibits D and E to the Complaint). Pastore requested Reiss to enter into a compensation arrangement indicated in Exhibit C to the Complaint, consisting of a stipend of 2,000 per month for 12 years, with a down payment of $10,000 on signing the contract to "convey my rights to the Trash Rack business in the United States, and all my knowledge to the same."

Reiss ignored Pastore's request, but usurped the business opportunity created in this District by Judge Mazzone for Pastore by conspiring with Laminations to manufacture non-infringing trash racks, which were sold throughout the United States by Reiss (see Exhibit 1 hereto) as early as August 2002.

Personal Jurisdiction

Judge Keeton in *North American Video Corp. v. Kenneth Leon et al.*, 480 F. Supp. 213, 216-17 (D. Mass. 1979) set forth the standards for a finding of personal jurisdiction over a person in a Massachusetts action:

> "Generally, a claim of personal jurisdiction over a nonresident defendant presents a two-fold inquiry: (1) is the assertion of jurisdiction authorized by statute, and (2) if authorized, is the exercise of jurisdiction . . . consistent with basic due process requirements mandated by the United States Constitution?  Jurisdiction is permissible only when both questions draw affirmative responses.  Since (the Massachusetts) long arm statute, G.L. c. 223A, functions as "an assertion of jurisdiction over the person to the limits allowed by the Constitution of the United States," "Automatic" *Sprinkler Corp. of America v. Seneca Foods Corp., 361 Mass. 441, 443, 280 N.E.2d 423, 424 (1972)*, the two questions tend to converge.  General Laws c. 223A, § 3, cannot authorize jurisdiction which is constitutionally unacceptable, even though the fact pattern asserted in support of jurisdiction apparently satisfies the statute's literal requirements.  Likewise, *G.L. c. 223A, § 3*, asserts jurisdiction over the person to the constitutional limit only when some basis for jurisdiction enumerated in the statute has been established.  Although presented with jurisdictional facts sufficient to survive due process scrutiny, a judge would be required to

decline to exercise jurisdiction if the plaintiff was unable to satisfy at least one of the statutory prerequisites."

§ 3 of Mass. Gen. Laws 223 A provides:

"Personal Jurisdiction Based Upon Acts or Conduct Within Commonwealth.

A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's

(a) transacting any business in this commonwealth;

(b) contracting to supply services or things in this commonwealth;

(c) causing tortious injury by an act or omission in this commonwealth;

*(d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth;*

(e) having an interest in, using or possessing real property in this commonwealth;

(f) contracting to insure any person, property or risk located within this commonwealth at the time of contracting;

(g) maintaining a domicile in this commonwealth while a party to a personal or marital relationship out of which arises a claim for divorce, alimony, property settlement, parentage of a child, child support or child custody; or the commission of any act giving rise to such a claim; or

*(h) having been subject to the exercise of personal jurisdiction of a court of the commonwealth which has resulted in an order of alimony, custody, child support or property settlement, notwithstanding the subsequent departure of one of the original parties from the commonwealth, if the action involves modification of such order or orders and the moving party resides in the commonwealth, or if the action involves enforcement of such order notwithstanding the domicile of the moving party."* (Emphasis added)

Statutory provision 3(e) and 3(h) are operative in this case:

(1) The complaint seeks enforcement of an Order of this Court creating a property settlement and an interest over which the Court had exercised its jurisdiction over; i.e., this Court created the right for Plaintiff (in this case) Pastore, to compete with HOH in the sale and manufacture of trash racks. Pastore brought this business opportunity to Defendants Reiss and Laminations and sought to joint venture this opportunity by supplying the know-how as to manufacture and distribute the trash racks along with how to avoid infringing the Patent. Since this case involves the enforcement of the property settlement created by this Court in this jurisdiction, personal jurisdiction under § 3 (h) is literally met. Further, it has been held that there is ancillary jurisdiction to enforce an agreement where the facts in this case are interdependent. *National Presto Industries, Inc v. Daze Corporation*, 1995 US Dist. LEXIS 1008 (N.D. Ill. 1995).

Plaintiff and Defendants have purposefully availed themselves of the opportunity created in this forum to do business in competition with the Patent owner under the protection of the Court located in Massachusetts. This voluntary association with the forum is a sufficient jurisdictional prerequisite to satisfy "traditional notions of fair play and substantial justice." and thus due process under the Constitution. *See Kulko v. Superior Court*, 436 U.S. 84, 92 (1978) and *Vencedor Manufacturing Co. v. Gougler Industries, Inc.*, 557 F.2d 886, 890, (1st Cir. 1977)[as to some sort of voluntary association with the forum is required under a "practical concern for the facts"]; and

(2) Involves an act or omission outside of Massachusetts which affected the property settlement reached by this court in Massachusetts providing personal jurisdiction literally under § 3 (e). The opportunity created in Massachusetts by Judge Mazzone and then usurped by Reiss and Laminations in the manufacture and sale of non-infringing trash racks outside of the forum state of Masachusetts are sufficient for a finding of personal jurisdiction. *See Engine Specialties, Inc. v.*

*Bombardier, Ltd.*, 454 F.2d 527 (1st Cir. 1972) [Interference with a business opportunity is a tortious injury in the Commonwealth under this section.]

Both of these provisions of §§ 3(e) and 3(h) for establishing personal jurisdiction under Massachusetts General Law 233 A have been met.

Venue

Venue in this action is governed by 28 USC 1391(a)(2), which states:

"A civil action wherein jurisdiction is founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in….(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, …"

Here, the mediation of Judge Mazzone in this District established and created the right of Pastore to compete with HOH as long as the HOH patents were not infringed. This right was usurped by Reiss, who took Pastore's role, after he contacted Reiss and advised Reiss how to avoid infringement and provided the know-how of manufacture. A substantial part of the events giving rise to the claim (the creation of the right to compete ) were created in this District by Judge Mazzone. Accordingly, venue is proper in the District of Massachusetts. *See Nowicki v. United Timber Co.*, 1999 US Dist.LEXIS 12458 [holding that where "the heart of the agreement" took place was the equivalent of where a substantial part of the events giving rise to the claim occurred.]

Conclusion

For the foregoing reasons this court has personal jurisdiction over the Defendants Reiss and Laminations and venue is proper in this District.

                                  Respectfully submitted,

                                  */s/ John Christopher*
                                  John Christopher
                                  Florida Bar No. 0493465
                                  Massachusetts Bar No. 561163
                                  CHRISTOPHER & WEISBERG, P.A.
                                  200 East Las Olas Boulevard
                                  Suite 2040
                                  Fort Lauderdale, FL 33301
                                  Phone: (954) 828-1488
                                  Fax:   (954) 828-9122

Of Counsel:    Allen D. Brufsky
                    CHRISTOPHER & WEISBERG, P.A.
                    200 East Las Olas Boulevard
                    Suite 2040
                    Fort Lauderdale, FL 33301
                    Phone: (954) 828-1488
                    Fax:   (954) 828-9122

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing was sent first-class mail to Defendants' counsel of record, as detailed below, on this the 7th day of March 2005.

_____
Peggy Shock

Wendy S. Plotkin
CHOATE, HALL & STEWART
53 State Street
Boston, MA 02109
Attorney for Reiss Industries, Ltd.
Attorney for Laminations, Inc.

30477

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 MAR -8  A 11: 02

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| JOSEPH PASTORE, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>Reiss Industries, Ltd. dba Hydro )<br>Components & Systems, LLC, and )<br>Laminations, Inc., )<br>)<br>Defendants ) | Civil Action No. 04-12374 REK |

### AFFIDAVIT OF JOSEPH PASTORE

Joseph Pastore, being duly sworn does state:

1. He is the plaintiff in the above captioned action

2. The facts contained in the Complaint are hereby verified and are true to the best of his knowledge.

3. The exhibits attached to the Complaint are true copies of various agreements between the parties, Joseph Pastore and this Court and U.S. Patent No. 4,846,966 issued to Joseph Pastore and subsequently assigned to HOH Systems.

Signed under pains and penalties of perjury this ___4___ day of March 2005.

_____
Joseph Pastore

30656