UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                                    )
JOSEPH PASTORE,                                      )
    Plaintiff                                                 )
                                                                    )
    v.                                                           )    CIVIL ACTION
                                                                    )    NO. 04-12374-REK
REISS INDUSTRIES, LTD. d/b/a HYDRO   )
COMPONENTS & SYSTEMS, LLC, and    )
LAMINATIONS, INC.,                                   )
    Defendants                                             )
_____ )

**Memorandum and Order**
July 12, 2005

### I.  Pending Matters

Pending for decision are matters related to the following filings:

(1) Defendant "Reiss Industries, Ltd." Motion to Dismiss (Docket No. 6) and Memorandum of Defendant "Reiss Industries, Ltd." in Support of Its Motion to Dismiss Pursuant to Rule 12(b)(2) (Docket No. 7) (both filed February 14, 2005);

(2) Defendant Laminations, Inc.'s Motion to Dismiss (Docket No. 8) and Defendant Laminations, Inc.'s Memorandum in Support of Motion to Dismiss (Docket No. 9) (both filed February 14, 2005); and

(3) Plaintiff's Memorandum in Opposition to Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (Docket No. 12) (filed March 8, 2005).

## II. Factual and Procedural Background

The plaintiff, Joseph Pastore, brought suit against defendants Reiss Industries, Ltd., doing business as Hydro Components & Systems, LLC, ("Reiss") and Laminations, Inc., for usurpation of business opportunity and breach of contract.  (Docket No. 1, filed November 9, 2004)  Reiss has moved to dismiss the complaint for lack of personal jurisdiction.  Laminations has moved to dismiss for improper venue and, assuming that Reiss is dismissed for lack of personal jurisdiction, failure to join an indispensable party.  For the purposes of these motions, I accept the facts alleged in the complaint as true.

Pastore is the inventor of a type of device known as a trash rack, which catches and removes debris from a stream of water leading to a hydroelectric power generator.  (Compl., Docket No. 1, ¶ 7)  Pastore assigned this patent to a company known as HOH Systems, Inc. ("HOH"), in exchange for an agreement to pay royalties.  (Id., ¶¶ 7, 9)  HOH is not a party to this suit.  HOH lost an infringement suit against a competitor under this patent, and, apparently unhappy with the scope of the patent, refused to pay the promised royalties.  (Id., ¶ 9)  HOH and Pastore then brought suit against each other in this court, which resulted in settlement.  (Id.)  In the settlement agreement, HOH and Pastore agreed to void Pastore's earlier agreement not to compete with HOH.  (Id., Ex. B)  Under the settlement agreement, HOH retained its rights under the assigned patent.  (Id.)

Pastore then sought to pursue a new business partnership to create a non-infringing trash rack.  (Id., ¶ 10)  Pastore approached defendant Reiss, proposing to provide his knowledge of how to manufacture a trash rack and how to avoid infringement of the patent held by HOH.  (Id.)  Pastore and Reiss entered into confidentiality and non-compete agreements in

connection with these discussions.  (Id., ¶ 10, Ex. D)  Reiss engaged defendant Laminations to manufacture the rack, and Laminations also entered into confidentiality and non-compete agreements with Pastore.  (Id., ¶ 10, Ex. E)  Pastore shared proprietary information with Reiss and Laminations, but Reiss and Laminations broke off from any negotiations with Pastore and proceeded to manufacture trash racks based on the information that Pastore provided.  (Id., ¶¶ 11–13)  This suit followed.

Pastore resides in Florida.  (Id., ¶ 1)  Reiss is a Wisconsin Corporation with a principal place of business in Watertown, Wisconsin.  (Id., ¶ 2)  Reiss notes that the plaintiff may have misnamed the defendant in this case.  Reiss asserts that the correct name for the defendant should be "Reiss International, Ltd., doing business as Hydro Component Systems, LLC."  (Reiss Aff., Docket No. 7, ¶ 2)  The plaintiff does not contest this assertion, so for the purposes of this motion, I will refer to all of these entities collectively as "Reiss."  Laminations is a Pennsylvania Corporation with its principal place of business in Scranton, Pennsylvania.  (Compl., Docket No. 1, ¶ 3)

### III. Motion to Dismiss for Lack of Personal Jurisdiction over Reiss

A federal court sitting in diversity jurisdiction may not assert personal jurisdiction over a defendant unless the plaintiff proves that the defendant's contacts with the forum state satisfy that state's long-arm statute and the Due Process clause.  Sawtelle v. Farrell, 70 F.3d 1381, 1387 (1st Cir. 1995).  In this case, I use the prima facie standard for personal jurisdiction, in which I "consider only whether the plaintiff has proffered evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction."  Boit v. Gar-Tec Products, Inc.,

967 F.2d 671, 675 (1st Cir. 1992); accord Foster-Miller, Inc. v. Babcock & Wilson Canada, 46 F.3d 138, 145 (1st Cir. 1995).

The plaintiff states repeatedly in his memorandum in opposition that two provisions of the Massachusetts long-arm statute are operative here, Mass. Gen. Laws ch. 223A §§ 3(e) and 3(h). When he quotes the long-arm statute, however, he emphasizes §§ 3(d) and 3(h), but not 3(e). In his argument, although he cites § 3(e), he refers to "tortious injury" caused by an "act or omission outside of Massachusetts," which are requirements of § 3(d). It appears that plaintiff is trying to base his argument on §§ 3(d) and 3(h). For the sake of completeness, I address also whether jurisdiction is proper under any of §§ 3(d), 3(e), and 3(h) of the Massachusetts long-arm statute, which are set forth below:

> A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's
>
> * * *
>
> (d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth;
>
> (e) having an interest in, using or possessing real property in this commonwealth; [or]
>
> * * *
>
> (h) having been subject to the exercise of personal jurisdiction of a court of the commonwealth which has resulted in an order of alimony, custody, child support or property settlement, notwithstanding the subsequent departure of one of the original parties from the commonwealth, if the action involves modification of such order or orders and the moving party resides in the

4

>     commonwealth, or if the action involves enforcement of such order
>     notwithstanding the domicile of the moving party.

Mass. Gen. Laws ch. 223A § 3 (2005).

Pastore rests his personal jurisdiction argument on the settlement agreement reached with HOH in this court.  (See Memo. in Opp. to Mot. to Dismiss, Docket No. 12)  His theory is that this settlement created a right to compete with HOH in the sale and manufacture of trash racks.  He describes this right as a property right situated in Massachusetts which the defendants usurped.  He also argues that this right was "created by" this court here in Massachusetts.  He asserts that the defendants purposefully availed themselves of this forum when they usurped this opportunity to compete with HOH, satisfying the Due Process clause.

Plaintiff's argument muddles the requirements of all three identified sections of the Massachusetts long-arm statute.  In doing so, he ignores parts of one section while trying to establish parts of another section.  For this court to exercise personal jurisdiction, however, all the requirements of at least one section must be satisfied.

First, I consider § 3(d).  As the plaintiff notes, usurping a business opportunity in Massachusetts can satisfy the requirement of this section that the defendant "caus[ed] tortious injury" in Massachusetts.  See Buckeye Assoc., Ltd. v. Fila Sports, Inc., 616 F. Supp. 1484, 1493 (D. Mass. 1985).  The plaintiff ignores, however, the rest of this section, which only permits personal jurisdiction over a defendant "if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered."  Mass. Gen. Laws ch. 223A § 3(d).  The "derives substantial revenue" prong has been construed liberally, see Mark v. Obear & Sons, Inc., 313 F. Supp. 373, 376 (D.

Mass. 1970) (holding that $5,000, or 0.5% of total revenues, constituted "substantial revenue"), but in this case the plaintiff has made no allegation or any other showing that Reiss has derived any revenue at all from goods or services consumed in Massachusetts.  The CEO of Reiss has stated in an affidavit that the defendant Reiss has never made a sale in Massachusetts.  (Reiss Aff., Docket No. 7, ¶ 4)  I conclude that the plaintiff has not made a prima facie case that personal jurisdiction would be proper under § 3(d).

Second, I consider whether personal jurisdiction is authorized by § 3(e).  Whatever the merits of Pastore's characterization of his rights under the settlement agreement as "property rights," any rights that Pastore might assert do not arise from Reiss's interest in, use of, or possession of "*real* property in the commonwealth" as required under § 3(e).  I conclude that personal jurisdiction is not authorized under § 3(e).

Finally, I consider whether personal jurisdiction is authorized by § 3(h).  Pastore argues that Reiss usurped opportunities that were given to Pastore by virtue of his settlement agreement with HOH.  Jurisdiction by this court is proper, argues Pastore, because "this case involves the enforcement of the property settlement created by this Court." Pastore ignores the first requirement of this section, namely that the defendant "ha[s] been subject to the exercise of personal jurisdiction of a court of the commonwealth which has resulted in" an order of settlement.  Mass. Gen. Laws ch. 223A § 3(h).  Reiss, not being party to the first suit, was not subject to the exercise of personal jurisdiction by this court in the action that led to the settlement with HOH.  Accordingly, this clause does not apply either and personal jurisdiction is not authorized under § 3(h).  Pastore cites an unpublished case from the United States District Court for the Northern District of Illinois, National Presto Industries, Inc. v. Dazey Corp., 1995 WL

35394 (N.D. Ill. Jan. 27, 1995), for the proposition that "there is ancillary jurisdiction to enforce an agreement where the facts in this case are interdependent." The "ancillary jurisdiction" referred to in that case was subject matter jurisdiction, not personal jurisdiction under the Massachusetts long-arm statute. See id. at *1 (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378 (1994)). Pastore's citation of National Presto is inapposite. This court does not have personal jurisdiction under § 3(h).

Pastore has advanced no other reasons why personal jurisdiction under the Massachusetts long-arm statute is satisfied. I have no need to consider whether personal jurisdiction in this case is compatible with the Due Process clause. I conclude that this court does not possess personal jurisdiction over Reiss.

Accordingly, I will allow Reiss's Motion to Dismiss.

### IV. Motion to Dismiss by Laminations

Laminations seeks dismissal on two grounds: improper venue and failure to join an indispensable party. I consider these two issues in turn.

Pastore argues that venue is proper under 28 U.S.C. § 1391(a)(2), which states:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in . . . (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated . . . .

Id. (2005). To decide whether a "substantial part" of the events took place in the forum state, courts look "not to a single 'triggering event' prompting the action, but to the entire sequence of

events underlying that claim." Uffner v. La Reunion Francaise, S.A., 244 F.3d 38, 42 (1st Cir. 2001). "Although the statute no longer requires a court to select the 'best' forum, the weighing of 'substantial' may at times seem to take on that flavor." Cottman Transmission Sys., Inc. v. Martino, 36 F.3d 291, 294 (3rd Cir. 1994) (citation omitted).

Pastore contends that his settlement agreement with HOH constitutes a "substantial part of the events or omissions giving rise to the claim" in this case, because it granted Pastore the right to compete with HOH, which Reiss and Laminations usurped. Laminations argues that the settlement agreement does not support a claim against either defendant in this case, because neither was a party to that agreement. Laminations argues further that this settlement agreement is not a substantial event because the litigation in this case will center around the discussions between Pastore, Reiss, and Laminations, which took place outside of Massachusetts, and the manufacturing by Reiss and Laminations, which also took place outside of Massachusetts.

First, I will address Laminations's argument that the settlement agreement should not be considered because Laminations was not a party to it. The settlement agreement is not irrelevant for venue purposes merely because it was between Pastore and a non-party. See Uffner, 244 F.3d at 42 n.6 (holding that a court must consider "events or omissions" of parties other than the defendants). Therefore I will consider the settlement as part of the factual antecedent to this lawsuit.

Even accepting the plaintiff's factual allegations as true, however, as a matter of law the settlement agreement does not possess the significance to which Pastore ascribes it. A settlement agreement such as this one is a contract, part of the consideration for which is the

8

dismissal of the lawsuit.  See generally Kokkonen, 511 U.S. at 381.  The settlement agreement did not create a right to compete with HOH that Pastore could enforce against anyone who interfered with it.  Instead, the settlement agreement relieved Pastore of an obligation which he had entered into with HOH not to compete.  The court did not bestow an immunity upon Pastore when he entered into the settlement agreement; Pastore and HOH, by agreement, removed an impediment of their own creation.  The court did nothing more than recognize this agreement.  Neither the terms of the settlement agreement nor the settlement order of dismissal issued by this court provided for court enforcement.  Cf. id. ("If the parties wish to provide for the court's enforcement of a dismissal-producing settlement agreement, they can seek to do so.").

Pastore's only case offered in support of his argument is an unpublished decision from the Eastern District of Pennsylvania, Nowicki v. United Timber Co., 1999 WL 619648 (E.D. Pa. Aug. 12, 1999), which he cites for the proposition that "where 'the heart of the agreement' took place was the equivalent of where a substantial part of the events giving rise to the claim occurred."  The court in Nowicki referred to an agreement between the plaintiff and the defendant in that particular case, see id. at *1 n.1, rather than, as in this case, an agreement between the plaintiff and a non-party.  This case does not enhance the significance of the settlement agreement in this lawsuit.  If anything, this case supports Laminations' argument that the substantial events in this lawsuit took place elsewhere.  Whether that location is where the agreements were entered into, complied with, or breached, it was not in Massachusetts.

For similar reasons, Pastore's rights under the settlement agreement do not constitute a "substantial part of the property that is the subject of the action" pursuant to 28 U.S.C. § 1391(a)(2).  As noted above, the settlement agreement did not bestow upon Pastore a

9

right to compete against HOH that he could enforce against anyone who interfered with it. Pastore's characterization of these rights as "property" rights in the sense of § 1391(a)(2) is unsupported. The reference in the statute to a location where the "property . . . is situated" means that for venue to be based upon this clause, the property must be tangible, physical property. See National Occupational Health Services, Inc. v. Advanced Industrial Care, 50 F. Supp. 2d 1111, 1119 & n.5 (N.D. Okla. 1998) (rejecting similar argument based on injury caused by tortious interference with a contract performed in the forum state (citing 28 U.S.C.A. § 1391(a)(2), commentary at 10 (West 1993))).

I conclude that the settlement agreement is not a substantial event in this lawsuit and is not a substantial part of the property that is the subject of the lawsuit. Therefore, venue is improper.

The next question is the appropriate remedy for improper venue. "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (2005). For the following reasons, a transfer is not in the interest of justice. Pastore has not requested transfer, nor has he identified a district in which this action could have been brought. In addition, Pastore has not contended that he will have lost the benefit of a statute of limitation during the pendency of this action in this court. Cf. United States ex rel. Pittsburgh Tank & Tower, Inc. v. G & C Enterprises, Inc., 62 F.3d 35, 36 (1st Cir. 1995) (noting that such a problem can be reason to transfer rather than dismiss). Given that I have dismissed Reiss for lack of personal jurisdiction, a transfer of this case to a district in which venue would be proper for Laminations, such as the Middle District of Pennsylvania where

it resides, would not be in the interest of justice, either. Without deciding whether Reiss would be an indispensable party necessitating dismissal in its absence, based on the filings before me, I conclude that Pastore's claims against Reiss and Laminations should proceed together as one action. Laminations has not requested that I transfer this case to a particular district, and Pastore should be given another opportunity to find a district in which personal jurisdiction over both defendants can be had. On this record, I cannot discern whether a court in the Middle District of Pennsylvania would possess personal jurisdiction over Reiss. In any event, the responsibility for picking a proper forum lies in the first instance with the plaintiff.

Because I have concluded that venue is improper, I do not need to consider whether the action should be dismissed for failure to join an indispensable party.

Accordingly, I will allow Laminations' Motion to Dismiss for improper venue.

### ORDER

For the foregoing reasons, it is ORDERED:

(1) Defendant "Reiss Industries, Ltd." Motion to Dismiss (Docket No. 6) is ALLOWED.

(2) Defendant Laminations, Inc.'s Motion to Dismiss (Docket No. 8) is ALLOWED.

(3) The Clerk is directed to enter forthwith on a separate document a final judgment as follows:

For the reasons stated in the Memorandum and Order on this date, this case is

DISMISSED WITHOUT PREJUDICE.


        /s/Robert E. Keeton
        Robert E. Keeton
Senior United States District Judge